UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZUHONG HE, by and through his Next Friend XIAYANG HE,<br><br>                    Petitioner,<br><br>        v.<br><br>TAE D. JOHNSON, *et al.*,<br><br>                    Respondents. | Case No.:  1:26-cv-02610-KES-CDB (HC)<br><br>ORDER GRANTING XIAYANG HE'S REQUEST TO APPEAR AS PETITIONER'S NEXT FRIEND<br><br>ORDER APPOINTING COUNSEL FOR NEXT FRIEND XIAYANG HE<br><br>(Doc. 1)<br><br>ORDER DENYING NEXT FRIEND XIAYANG HE'S MOTION FOR EXPEDITED REVIEW<br><br>(Doc. 3)<br><br><u>Clerk of the Court to Serve Federal Defender</u> |

Non-party XiaYang He, proceeding pro se, initiated this action on April 7, 2026, with the filing of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on behalf of her longtime friend, Petitioner Zuhong He ("Petitioner"), as well as requests for next friend standing, expedited review, and a motion for temporary restraining order.[1] (Docs. 1, 3, 4).  It appears from the petition that Petitioner is currently detained by Immigration and Customs Enforcement ("ICE") at California City Correctional Center in California City.  *See* (Doc. 1 at 1, 9).  Respondents are Tae D. Johnson, the San Francisco ICE Field Office Director, and the unnamed Warden of California

---

[1] The Court will address Petitioner's motion for temporary restraining order (Doc. 4) by separate order following the entry of appearance by appointed counsel.

City Correctional Center. *Id.* at 1.

**Discussion**

**A.     Order on Motion for Next Friend Standing and Appointing Counsel**

A person acting on behalf of the individual for whom the petition is filed is known as a "next friend." *See Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990). "A 'next friend' does not [herself] become a party to the habeas corpus action in which [she] participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest." *Id.* The person seeking to proceed as a "next friend" on behalf of another must meet two prerequisites: (1) the "'next friend' must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action"; and (2) "'next friend' must be truly dedicated to the best interests of the person on whose behalf [she] seeks to litigate," as well as "have some significant relationship with the real party in interest." *Id.* at 163-64 (citations omitted). "The burden is on the 'next friend' clearly to establish the propriety of [her] status and thereby justify the jurisdiction of the court." *Id.* at 164.

"[C]ourts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (collecting cases); *see Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) ("[A] non-lawyer 'has no authority to appear as an attorney for others than himself.'") (citation omitted); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (same). That rule applies in habeas proceedings. *See United States v. Caputo*, No. 1:14-cr-00041-JLT-SKO-1, 2023 WL 5207318, at *5 (E.D. Cal. Aug. 14, 2023) ("Although the federal habeas corpus statute permits a 'next friend' to pursue a habeas action on behalf of another in certain circumstances, … the statute does not authorize the 'next friend' to proceed without an attorney."); *Hinojosa v. Warden, SATF/SP*, No. 2:22-cv-1780 DB P, 2023 WL 2874169, at *2 (E.D. Cal. Apr. 10, 2023) (same), *recommendation adopted*, 2023 WL 4711303 (E.D. Cal. July 24, 2023).

Local Rule 183(a) provides in relevant part:

Any individual who is representing himself or herself without an attorney must appear personally or by courtesy appearance by an attorney admitted to the Bar of

> this Court and may not delegate that duty to any other individual, including husband or wife, or any other party on the same side appearing without an attorney. Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

E.D. Cal. Local Rule 183(a).

Here, Ms. He has met the prerequisites to proceed as a "next friend" of behalf of her longtime friend (Petitioner). Ms. He filed the petition on behalf of Petitioner and she adequately explains that Petitioner, who is currently detained at the California City Correctional Center, is "unable to pursue this action on his own behalf" and because he "does not have meaningful access to legal resources" and "does not understand English well enough to navigate the legal system to protect his rights without assistance." (Doc. 1 at 1); *Whitmore*, 495 U.S. at 163-64. Ms. He's representations that she has a "significant, pre-existing relationship" as his friend "for more than forty years and is acting in his best interests" and "has no conflict of interest and is committed to assisting him in this matter" satisfies the second prerequisite under *Whitmore*. *Id.*

Although Ms. He has met the prerequisites to proceed with "next friend" status under *Whitmore*, she herself must be represented by counsel in order to proceed as a "next friend" as a pro se litigant has no authority to appear on behalf of anyone but herself. *Johns*, 114 F.3d at 877.

There is no constitutional right to counsel in federal habeas proceedings. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Bonin v. Vasquez*, 999 F.2d 425, 429 (9th Cir. 1993). However, the Criminal Justice Act 18 U.S.C. § 3006A, authorizes the Court to appoint counsel for a financially eligible person who seeks relief under § 2254 when the "court determines that the interest of justice so require." *Id.* at § 3006A(a)(2)(B); *see Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (prisoners not entitled to appointed counsel "unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations.").

Notwithstanding Ms. He did not file a motion for the appointment of counsel, because the Court finds Ms. He's petition filed on behalf of Petitioner raises due process concerns regarding Petitioner's detention based on his allegations he remains detained without a meaningful

opportunity to challenge his detention or the validity of his proceedings (*see* Doc. 1 at 2-3), and Ms. He has satisfied her burden to establish the propriety of her "next friend" status, the Court finds that the interest of justice here require the Court to appoint counsel for Ms. He so she may proceed as "next friend" on behalf of Petitioner.  Therefore, the Court will appoint counsel for Ms. He and recognize her as Petitioner's "next friend" to pursue this action on behalf of Petitioner.

### B.    Order Denying Motion for Expedited Review

Separately, Petitioner has filed a motion for expedited review of the petition by and through his next friend (Ms. He).  (Doc. 3).  The Court currently does not have before it sufficient information to assess the merits of the petition or the propriety of granting injunctive relief to warrant expedited consideration of his request for immediate release from ICE custody. Accordingly, the Court declines to set this matter for expedited briefing and Petitioner's motion thereto will be denied.

### Conclusion and Order

Accordingly, IT IS HEREBY ORDERED that:

1. XiaYang He's request for next friend standing (Doc. 1) is GRANTED;

2. XiaYang He is authorized to proceed in this action as "Next Friend" of Petitioner;

3. Counsel is APPOINTED for XiaYang He;

4. The Clerk of the Court shall serve a copy of this order on the Federal Defender, Attention: Habeas Appointment;

5. Within seven (7) days of the date of service of this order, the Federal Defender, as appointing authority for the Eastern District of California, SHALL:

   a. Identify counsel and send counsel's contact information to the undersigned's courtroom deputy Cori Boren at cboren@caed.uscourts.gov, and counsel will be added as counsel for XiaYang He, or

   b. If counsel is not with the Federal Defender nor a member of the Eastern District of California Criminal Justice Act Panel, file a motion to appoint counsel as CJA counsel *pro hac vice*;

   and,

4

6.  Petitioner's motion for expedited review (Doc. 3) is DENIED.

IT IS SO ORDERED.

Dated:   **April 8, 2026**

UNITED STATES MAGISTRATE JUDGE