UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ZUHONG HE (A-Number: 245-214-970), by and through his Next Friend XIAYANG HE,<br><br>Petitioner,<br><br>v.<br><br>TAE D. JOHNSON, Acting Director, U.S. Immigration and Customs Enforcement, et al.,<br><br>Respondents. | No.  1:26-cv-02610-KES-CDB (HC)<br><br>ORDER DENYING MOTION TO DISSOLVE COURT'S ORDER REGARDING TRANSFER<br><br>Docs. 8, 9 |

Petitioner Zuhong He, by and through his next friend Xiayang He, is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order filed on April 7, 2026.  Docs. 1, 4.  On April 9, 2026, the assigned magistrate judge ordered counsel appointed on petitioner's behalf.  Doc. 7.

On February 11, 2026, petitioner was granted voluntary departure, but he claims that, due to his limited English, he did not knowingly agree to voluntary departure.  *See* Doc. 2.  The petition for writ of habeas corpus alleges that petitioner did not knowingly and voluntarily agree to voluntary departure, and it seeks petitioner's release or a bond hearing pending further immigration proceedings.  Doc. 1.  The Court ordered respondents not to transfer petitioner out of the district pending the Court's ruling on the petition for writ of habeas corpus and motion for temporary restraining order.  Doc. 8.  The Court also construes petitioner's filings as requesting a temporary stay of the period of voluntary departure.  The Court grants that request and stays the

1

period of voluntary departure pending the Court's ruling on the motion for temporary restraining order.  *See Desta v. Ashcroft*, 365 F.3d 741, 745–50 (9th Cir. 2004).

On April 10, 2026, respondents filed a motion to dissolve the Court's order regarding transfer out of the district, requesting that the Court promptly lift its order to permit petitioner to "depart on a commercial flight . . . tomorrow, April 11, 2026."  Doc. 9 at 1.  Respondents served petitioner and his next friend by mail.  *Id.* at 3.  Respondents emailed the Court's courtroom deputy at 2:25 p.m. on April 10 requesting that the Court rule promptly on the motion to dissolve, but neither petitioner nor his next friend were included on that email.

Respondents argue that 8 U.S.C. § 1252(g) prohibits the Court from enjoining "such lawful removal operations."  Doc. 9 at 2.  Section 1252(g) strips courts' jurisdiction to review claims "arising from the decision or action by the Attorney General to . . . execute removal orders[.]"  8 U.S.C. § 1252(g).  The Supreme Court has clarified that section 1252(g)'s jurisdictional bar applies "only to three discrete actions the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'"  *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (emphasis in original).  The provision "refer[s] to just those three specific actions themselves."  *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (plurality opinion).

The government's intended transfer of petitioner pursuant to his purported agreement to voluntary departure does not appear to constitute one of those three specific actions.  The government asserts that petitioner agreed to voluntary departure, and it agreed *not* to remove petitioner during the voluntary departure period.  That voluntary departure period has not yet lapsed, and the Court has now stayed it based on petitioner's motion.

In cases in which a petitioner claimed, like here, that he did not knowingly and voluntarily agree to voluntary departure, other district courts have concluded that § 1252(g) does not divest the court of jurisdiction to consider the claim, because the petitioner was not being removed pursuant to an order of removal.  *See Cruz Uitz v. Noem*, No. CV 25-06420-MWF (AJRX), 2025 WL 2995008, at *5 (C.D. Cal. Sept. 23, 2025); *Pimentel Ortega v. Warden of Golden State Annex Ice Det. Facility*, No. 1:25-CV-01856-DAD-CSK, 2026 WL 482682, at *1 (E.D. Cal. Feb. 20,

2026) ("[T]he court is not persuaded at this time that it lacks jurisdiction [under § 1252(g)] to consider petitioner's motion for temporary restraining order."). Based on the limited briefing before it, the Court is similarly not persuaded that section 1252(g) applies in this case.

The assigned magistrate judge appointed counsel for petitioner yesterday; appointed counsel has not yet appeared on the docket. Within fourteen (14) days of petitioner's appointed counsel filing a notice of appearance, petitioner shall file a reply brief in support of petitioner's motion for temporary restraining order, or, alternatively, an amended motion for temporary restraining order. Respondents may file a sur-reply or further opposition within seven (7) days of petitioner's filing. The parties may stipulate to an alternative briefing schedule.

IT IS SO ORDERED.

Dated:   April 10, 2026   

_____
UNITED STATES DISTRICT JUDGE

3